UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

UNITED STATES OF AMERICA,

**MEMORANDUM AND ORDER**

             Plaintiff,              94-CR-01179 (FB)

      -against-

JOHN MCMILLAN,

             Defendant.

--------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*              *For the Defendant:*
LORETTA E. LYNCH, ESQ.        EDWARD P. JENKS, ESQ.
United States Attorney           332 Willis Avenue
KRISTIN MACE, ESQ.          Mineola, NY 11501
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

       Defendant John McMillan moves for a reduction in his sentence pursuant to 18

U.S.C. § 3582(c)(2).[1]  Specifically, McMillan seeks re-sentencing in light of an amendment to

United States Sentencing Guideline ("U.S.S.G.") § 2D1.1, for crack cocaine offenses.  For the

following reasons, McMillan's motion for reduction of his sentence is denied.

**I**

       On November 6, 1995, McMillan pleaded guilty, pursuant to a cooperation

---

[1] McMillan was *pro se* at the time he filed this motion, on February 19, 2010.  On November 14, 2011, the Court reappointed prior CJA counsel, Edward Jenks, to represent McMillan.  On March 19, 2012, Jenks filed a reply to the government's response in opposition to McMillan's motion.

agreement, to one count of conspiracy to possess with intent to distribute crack cocaine and cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and to one count of murder in furtherance of the conspiracy in violation of 21 U.S.C. § 848(e)(1)(A).

The Probation Department determined (1) that U.S.S.G. § 2A1.1(a), the Guideline for first degree murder, applied for the murder count and (2) that § 2A1.1(a) also applied for the drug distribution conspiracy count, rather than § 2D1.1, the Guideline for crack cocaine offenses, because § 2d1.1(d)(1) provides that if a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111, the Guideline for first degree murder is applied. The base offense level for both counts was 43. The Court adopted the Probation Department's calculation. Based upon the base offense level of 43 and the criminal history category of III, the Guidelines called for a life sentence. In light of a 5K1.1 letter from the government, the Court sentenced McMillan to 22 years imprisonment on each count, to run concurrently.

## II

18 U.S.C. § 3582(c)(2) authorizes a court to reduce the sentence of a defendant whose term of imprisonment was based on a Sentencing Guideline range that has subsequently been lowered by the Sentencing Commission. Upon motion of the defendant or on its own motion, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Guidelines Amendment 750, which became effective on November 1, 2011, amended U.S.S.G. § 2D1.1 by reducing the base offense levels applicable to crack cocaine

offenses.  Amendment 750 applies retroactively.  *See* U.S.S.G. § 1B1.10(c).

McMillan's base offense level for the drug distribution conspiracy count was clearly based upon U.S.S.G. § 2A1.1 for first degree murder, and not § 2D1.1 which is based upon the quantity of drugs involved in the conspiracy.  Contrary to McMillan's argument, his sentence was not "based on" § 2D1.1 simply because in this case § 2A1.1 was reached by cross-reference from the crack cocaine guideline.  Amendment 750 has no effect on the guideline range under the first degree murder guideline, which has not been amended.  As a result, McMillan cannot benefit from the retroactive amendment to the crack cocaine guideline.  *See U.S. v. Tyler*, 2008 WL 925126, at *2 (E.D.N.Y. 2008), *aff'd* 328 Fed. Appx. 735 (2d Cir. 2009) (declining to reduce sentence when defendant's Guidelines offense level was based on murder, § 2A1.1, and thus the sentencing range under which defendant was sentence was not lowered by the crack cocaine amendments).  A court is not authorized to lower a defendant's sentence where, as here, an amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

## CONCLUSION

Accordingly, McMillan is ineligible for a sentencing modification under 18 U.S.C. § 3582(c)(2) and his motion for a reduced sentence is denied.

**SO ORDERED.**                                    s/ Judge Frederic Block

—————————————————————
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 17, 2012